UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CURTIS NELSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:21-CV-293-CHB |
| | ) |
| v. | ) |
| | ) **ORDER ADOPTING MAGISTRATE** |
| METALSA STRUCTURAL PRODUCTS, | ) **JUDGE'S REPORT AND** |
| INC., | ) **RECOMMENDATION** |
| | ) |
| Defendant. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Colin H. Lindsay, [R. 17]. The Report and Recommendation addresses the Motion for Default Judgment filed by Plaintiff Curtis Nelson, [R. 12], in which he seeks default judgment against Defendant Metalsa Structural Products, Inc. ("Metalsa") on claims of race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 and the Kentucky Civil Rights Act, K.R.S. § 344.010, *et seq*. *Id.* at 1; [R. 17, p. 2]. Plaintiff seeks a judgment in the amount of $59,557.87 for back pay, attorney's fees, and costs. [R. 17, p. 3].

In his Report and Recommendation, Magistrate Judge Lindsay detailed the facts supporting entry of a default judgment under Fed. R. Civ. P. 55(b). *Id.* at 1–2. The Magistrate Judge ultimately recommended that Plaintiff receive the default judgment sought, in part. *Id.* at 20. Specifically, he recommended that Plaintiff be awarded $43,203.38 for back pay, $3,085 for reasonable attorney's fees, and $402 for the cost of the filing fee. *Id.* In reaching this conclusion, the Magistrate Judge found that Plaintiff failed to substantiate lost retirement contributions and was therefore not entitled to a back-pay award for those contributions. *Id.* at 11–13. Further, in

determining the lodestar calculation for the attorney's fee award, the Magistrate Judge did not include the 1.5 hours billed by Plaintiff's attorney, Mr. Dannelly, for drafting a response to the Court's show cause order, as those hours were not reasonably expended. *Id.* at 16–18.

Magistrate Judge Lindsay's Report and Recommendation advised the parties that any objections must be filed within fourteen (14) days. [R. 17, p. 20]. The time to file objections has passed, and neither party has filed any objections to the Report and Recommendation nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Report and Recommendation. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, [**R. 17**], is **ADOPTED** as the opinion of this Court.
2. Plaintiff Curtis Nelson's Motion for Default Judgment [**R. 12**] is **GRANTED IN PART**;
3. Plaintiff is **AWARDED** the following damages:
    a. $43,203.38 in back pay;
    b. $3,085 in attorney's fees;

    c.   $402 for the cost of the filing fee;

    d.   totaling in a recoverable sum of $46,690.38.

4. A corresponding Judgment will follow.

This the 3rd day of June, 2022.

*[Signature]*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY